Frederick A. Batson, OSB No. 821887
**GLEAVES SWEARINGEN LLP**
P.O. Box 1147
Eugene, OR 97440
Telephone: (541) 686-8833
Facsimile: (541) 345-2034
batson@gleaveslaw.com

and

Jack N. Sibley, Georgia Bar #644850 - to be *admitted pro hac vice*
Carl H. Anderson, Jr., Georgia Bar #016320 - to be *admitted pro hac vice*
**HAWKINS PARNELL THACKSTON & YOUNG LLP**
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
jsibley@hptylaw.com
canderson@hptylaw.com

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **PRIME FACTORS, INC.**, a Georgia corporation<br><br>    Plaintiff,<br><br>    vs.<br><br>**PROTEGRITY USA, INC.**, a Delaware corporation,<br><br>    Defendant. | Case No.: **6:14-cv-00476-TC**<br><br>**FIRST AMENDED COMPLAINT FOR PATENT NON-INFRINGEMENT AND INVALIDITY**<br>**Declaratory Relief (28 U.S.C. §§ 2201 et seq.)**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff Prime Factors, Inc. ("Prime Factors") files this First Amended Complaint, as follows:

## NATURE OF THE ACTION

1.

This is an action for a declaratory judgment of non-infringement and invalidity of United States Patent Nos. 8,402,281 and 6,321,201.

## THE PARTIES

2.

Plaintiff Prime Factors is a Georgia corporation with its principal place of business located in Eugene, Oregon.

3.

Upon information and belief, Defendant Protegrity USA, Inc. ("Defendant") is a Delaware Corporation with its principal place of business at 5 High Ridge Park, Stamford, Connecticut 06905.

## JURISDICTION AND VENUE

4.

This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271 et seq., and 28 U.S.C. §§ 1331, 1338 and 2201-2202.

5.

This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant has systematic and substantial contacts within the State of Oregon.

6.

Upon information and belief, Defendant has engaged in various acts and directed to the State of Oregon, including offering for sale products in Oregon, including at least its Big Data Protector product.

7.

Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) because, *inter alia*, Defendant is subject to personal jurisdiction in this District, Prime Factors is headquartered in this District, a substantial part of the events giving rise to the claims at issue occurred in this District and key witnesses reside in this District.

## CASE AND CONTROVERSY

8.

Prime Factors is a company headquartered in Eugene, Oregon. Prime Factors is a private company that provides data security software and services.

9.

On September 23, 2013, Defendant's parent company, Protegrity Corporation ("ProCorp"), filed suit against Prime Factors alleging infringement of United States Patent Nos. 8,402,281 (the "'281 patent") and 6,321,201 (the "'201 patent") (collectively, the "patents-at-issue"). Defendant is not a party to that action (the "Connecticut Action").

10.

In the Connecticut Action, ProCorp alleged that it was the owner of the patents-at-issue. Moreover, on March 24, 2014 Prime Factors moved to transfer the Connecticut Action to the District of Oregon because, *inter alia*, Connecticut is not ProCorp's forum (instead, ProCorp is a foreign Cayman Islands company) and the hub of the accused activity is located in the District of Oregon.

11.

On information and belief, ProCorp recently filed on February 17, 2014, a Motion for Leave to add Defendant as a party-plaintiff in a lawsuit concerning the patents-in-suit which is related to the Connecticut Action. *See Protegrity Corp. v. Voltage Security, Inc.*, Case No. 3:10-cv-00755-RNC, Dkt. No. 393 (D. Conn. May 17, 2010). A true and correct copy of that Motion for Leave to Add Protegrity USA, Inc. as a Party-Plaintiff is attached hereto as **Exhibit A**.

12.

In that Motion for Leave to Add Protegrity USA, Inc. as a Party-Plaintiff, ProCorp claimed that Protegrity USA was the effective assignee of the patents-in-suit. Specifically, ProCorp argued that "an exclusive licensee . . . can also bring suit in its own name if the licensee is effectively an assignee, i.e. it holds all substantial rights in the patent." Further, ProCorp concluded that "[Protegrity USA, Inc.] is effectively an assignee of the patents-in-suit . . ."

13.

The '201 patent is entitled "Data Security System for a Database Having Multiple Encryption Levels Applicable on a Data Element Value Level." According to the face of the '201 patent, it issued on November 20, 2001. A copy of the '201 patent is attached hereto as

**Exhibit B**.

14.

The '281 patent is entitled "Data Security System for a Database." According to the face of the '281 patent, it issued on March 19, 2013. A correct copy of the '281 patent is attached hereto as **Exhibit C**.

15.

Given that Prime Factors is currently being sued for infringement of the patents-at-issue in the Connecticut Action by ProCorp and given ProCorp's recent allegation that the assignee holding all substantial rights to the patents-at-issue is actually Defendant (not ProCorp), a justiciable case or controversy exists between Prime Factors and Defendant regarding the alleged infringement and/or invalidity of the patents-at-issue.

16.

In addition, and for the above reasons, Prime Factors has a reasonable apprehension that Defendant will file a lawsuit against Prime Factors alleging Prime Factors' products and/or services infringe the patents-at-issue because of ProCorp's attempt to add Defendant as a party plaintiff in the related Connecticut Action *Protegrity Corp. v. Voltage Security, Inc.*, Case No. 3:10-cv-00755-RNC.

17.

By reason of the foregoing, an actual controversy exists between Prime Factors and Defendant.

/ / / /

/ / / /

## COUNT ONE

**(Declaratory Judgment of Non-Infringement of the '201 Patent)**

18.

Prime Factors incorporates and realleges each of the allegations of paragraphs 1-17.

19.

Prime Factors has a reasonable apprehension that Defendant will file a lawsuit against Prime Factors, including its data security products, alleging infringement of the '201 patent.

20.

Prime Factors has not infringed, has not willfully infringed, is not now infringing, has not contributorily infringed, and has not induced infringement of any valid claim of the '201 patent.

21.

Accordingly, a valid and justiciable controversy has arisen and exists between Prime Factors and Defendant. Prime Factors seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that Prime Factors, including its data security products, is not infringing and has not infringed, directly or indirectly, the '201 patent and granting Prime Factors all other declaratory relief to which it may be entitled.

## COUNT TWO

**(Declaratory Judgment of Non-Infringement of the '281 Patent)**

22.

Prime Factors incorporates and realleges each of the allegations of paragraphs 1-21.

/ / / /

/ / / /

23.

Prime Factors has a reasonable apprehension that Defendant will file a lawsuit against Prime Factors, including its data security products, alleging infringement of the '281 patent.

24.

Prime Factors has not infringed, has not willfully infringed, is not now infringing, has not contributorily infringed, and has not induced infringement of any valid claim of the '281 patent.

25.

Accordingly, a valid and justiciable controversy has arisen and exists between Prime Factors and Defendant. Prime Factors seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that Prime Factors, including its data security products, is not infringing and has not infringed, directly or indirectly, the '281 patent and granting Prime Factors all other declaratory relief to which it may be entitled.

## COUNT THREE

**(Declaratory Judgment of Invalidity of the '201 Patent)**

26.

Prime Factors incorporates and realleges each of the allegations of paragraphs 1-25.

27.

Prime Factors contends that the '201 patent is invalid for failure to comply with one or more of the requirements for patentability as set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103 and/or 112.

/ / / /

/ / / /

28.

An actual and justiciable controversy exists between Prime Factors and Defendant as to whether the '201 patent is valid.

29.

Accordingly, a valid and justiciable controversy has arisen and exists between Prime Factors and Defendant. Prime Factors seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that the claims of the '201 patent are invalid and granting Prime Factors all other declaratory relief to which it may be entitled.

## COUNT FOUR

**(Declaratory Judgment of Invalidity of the '281 Patent)**

30.

Prime Factors incorporates and realleges each of the allegations of paragraphs 1-29.

31.

Prime Factors contends that the '281 patent is invalid for failure to comply with one or more of the requirements for patentability as set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103 and/or 112.

32.

An actual and justiciable controversy exists between Prime Factors and Defendant as to whether the '281 patent is valid.

33.

Accordingly, a valid and justiciable controversy has arisen and exists between Prime Factors and Defendant. Prime Factors seeks a declaratory judgment under Rule 57 of the Federal

Rules of Civil Procedure and 28 U.S.C. § 2201 that the claims of the '281 patent are invalid and granting Prime Factors all other declaratory relief to which it may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, Prime Factors prays for the following relief:

A.  A declaration that Prime Factors, including its data security Masking products, has not infringed, willfully infringed, induced others to infringe or contributed to the infringement of any valid claims of the '201 patent and '281 patent;

B.  A declaration that the '201 patent and '281 patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112;

C.  Preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting or threatening to assert against customers, potential customers or users of Prime Factors' products, including its data security products, any charge of infringement of the '201 patent and '281 patent;

D.  Preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from filing or prosecuting any civil action or actions against Prime Factors' products, including its data security products or its customers, or users of the Prime Factors products, for alleged infringement of the '201 patent and '281 patent;

E.  Awarding to Prime Factors its costs and attorneys' fees; and

F.  Granting to Prime Factors such further necessary or proper relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Prime Factors demands trial by jury on all such triable issues in this action.

DATED: March 26, 2014.

                Respectfully Submitted,

                **GLEAVES SWEARINGEN LLP**

                By:   /s/ Frederick A. Batson
                         Frederick A. Batson, OSB No. 821887

                BEING ADMITTED *PRO HAC VICE*:

                Jack N. Sibley, Georgia Bar No. 644850
                Carl H. Anderson, Jr., Georgia Bar No. 016320